[Cite as *State v. Bennett*, 2026-Ohio-698.]

STATE OF OHIO        )                IN THE COURT OF APPEALS

)ss:             NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN    )

STATE OF OHIO                  C.A. No.     25CA012228

     Appellant

     v.                            APPEAL FROM JUDGMENT
                                         ENTERED IN THE

BRANDON BENNETT           COURT OF COMMON PLEAS
                                         COUNTY OF LORAIN, OHIO

     Appellee                 CASE No.    24CR111458

DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

HENSAL, Judge.

{¶1} The State of Ohio appeals an order of the Lorain County Court of Common Pleas that granted Brandon Bennett's motion to suppress. For the following reasons, this Court reverses.

I.

{¶2} During the early hours of January 31, 2022, Sergeant Frank Goscewski was speaking to other officers in a restaurant parking lot when he saw a white four-door pickup truck with a red plow blade drop two men off in the driveway of a self-storage facility. The men were wearing dark clothing, and one was carrying a black duffel bag. One of the men was also carrying a walkie talkie. After the officers approached the men and discovered that one of them had an outstanding warrant, they arrested him. A search of the duffel bag uncovered an electric saw, saw blades, a pipe, and a crowbar.

{¶3} About an hour and a half later, Sergeant Goscewski was on patrol when he spotted a truck in the parking lot of an apartment complex that matched the one he had seen earlier. There

was a man sitting in the driver's seat, but the truck was not running, which the sergeant thought was unusual for the time of day and year. According to Sergeant Goscewski, he pulled his cruiser near the truck, partially blocking it, but he did not activate the overhead lights or siren. He exited his cruiser and approached the truck to ask the man, Mr. Bennett, about the reason he was sitting in the truck. Mr. Bennett replied that he was helping a friend move and consented to a search of the vehicle. The Grand Jury subsequently indicted Mr. Bennet for having weapons under disability, breaking and entering, and possessing criminal tools.

{¶4} Mr. Bennett moved to suppress the evidence found during the search of the truck, arguing that the sergeant did not have probable cause to stop his vehicle or reasonable, articulable suspicion to search it. Following a hearing, the trial court found that Sergeant Goscewski did not have probable cause to stop Mr. Bennett. The State has appealed, assigning as error that the trial court applied the incorrect legal standard to the motion to suppress.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT APPLIED THE INCORRECT LEGAL STANDARD AS THE INTERACTION BETWEEN LAW ENFORCEMENT AND BRANDON BENNETT WAS EITHER SUPPORTED BY REASONABLE, ARTICULABLE SUSPICION OR WAS VOLUNTARY.

{¶5} The State argues that the trial court incorrectly granted Mr. Bennett's motion to suppress. Specifically, it argues that the court incorrectly determined that Sergeant Goscewski engaged in a traffic stop and that there was no probable cause for that stop. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the

trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997). This Court, therefore, grants deference to the trial court's findings of fact but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶6} The State first argues that the trial court applied the incorrect standard because Sergeant Goscewski's interaction with Mr. Bennett was a consensual encounter. "There are three distinct types of encounters between police officers and the public: (1) a consensual encounter, (2) an investigatory stop, and (3) an arrest." *State v. Helmick*, 2014-Ohio-4187, ¶ 8 (9th Dist.). "Consensual encounters are not seizures and do not implicate the Fourth Amendment." *Id.* at ¶ 9. "An investigatory stop is more intrusive than a consensual encounter but less intrusive than a formal custodial arrest." *Id.* at ¶ 10. "An officer must have a reasonable, articulable suspicion of criminal activity for an investigatory stop." *Id.* "Finally, officers must have probable cause for any seizure that 'equivocates an arrest.'" *Id.*, quoting *State v. Llanderal-Raya*, 2005-Ohio-3306, ¶ 20 (9th Dist.). "'[T]he threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person . . . , or the use of language or tone of voice indicating that compliance with the officer's request might be compelled' can be indicative of a seizure." *Id.*, quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

{¶7} This Court also explained in *Helmick* that "[t]he mere approach and questioning of persons seated within parked vehicles does not constitute a seizure so as to require reasonable suspicion supported by specific articulable facts." *Id.* at ¶ 11, quoting *State v. McCray*, 2000 WL

254909, *1 (9th Dist. Mar. 8, 2000). "But, 'if an officer positions his vehicle so that a person cannot exit a parking lot without asking the officer to move, the officer has exhibited a show of authority constituting a seizure.'" *Id*., quoting *State v. Maitland*, 2011–Ohio–6244, ¶ 6 (9th Dist.).

{¶8}   Sergeant Goscewski testified that, when he pulled his vehicle into the apartment complex parking lot, he parked it in such a manner that it blocked Mr. Bennett's truck. Although the sergeant said that the truck was not completely blocked into its parking spot, he acknowledged that it would have been difficult for Mr. Bennett to exit his parking space unless he asked the sergeant to move his vehicle.

{¶9}   The trial court found that Sergeant Goscewski partially blocked Mr. Bennett and that he effectuated a stop of Mr. Bennett's motor vehicle. Upon review of the record, we conclude that the trial court's finding that Mr. Bennett was stopped is supported by competent, credible evidence. We, therefore, reject the State's argument that the interaction between Sergeant Goscewski and Mr. Bennett was a consensual encounter.

{¶10}  Although the trial court found that Mr. Bennett's interaction with Sergeant Goscewski was not consensual, it immediately proceeded to examine whether the sergeant had probable cause for the stop instead of considering whether it was an investigatory stop. As noted, officers only require probable cause if a seizure "equivocates an arrest." *Helmick* at ¶ 10, quoting *Llanderal-Raya* at ¶ 20.

{¶11}  The trial court found that Sergeant Goscewski partially blocked Mr. Bennett's vehicle and made initial contact with him but did not make any findings that would suggest the interaction was anything more than an investigatory detention. The trial court, therefore, should have examined whether the sergeant had "a reasonable, articulable suspicion of criminal activity

for an investigatory stop" instead of whether there was probable cause that Mr. Bennett had committed a violation of any law. *Id.*

{¶12} The State requests that this Court determine that Sergeant Goscewski conducted a legitimate investigatory stop of Mr. Bennett based on the similarities between Mr. Bennett's truck and the one he observed earlier that was connected with criminal activity. This Court, however, "functions as a court of review and we exceed the scope of our authority when we analyze issues in the first instance that have not first been addressed by the trial court." *Williams v. Kisling, Nestico, & Redick, LLC*, 2022-Ohio-1044, ¶ 37. Instead, we conclude that the trial court's order must be reversed, and this matter remanded for the trial court to determine whether Sergeant Goscewski had reasonable, articulable suspicion of criminal activity to justify his investigatory detention of Mr. Bennett. The State's assignment of error is sustained.

III.

{¶13} The State's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

6

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

ANTHONY CILLO, Prosecuting Attorney, and SPENCER J. LUCKWITZ, Assistant Prosecuting Attorney, for Appellant.

KENNETH M. LIEUX, Attorney at Law, for Appellee.